|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>FORT MYERS DIVISION |
| **KIMBERLY PERRY,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**WALMART, INC., WAL-MART ASSOCIATES, INC. AND WAL-MART STORES EAST, L.P.,**<br><br>      **Defendants.** | Court File No.: 2:18-cv-606-FtM-29CM<br><br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT'S OBJECTIONS TO CERTAIN SUMMARY JUDGMENT EVIDENCE OFFERED BY PLAINTIFF** |

Plaintiff, Kimberly Perry provides the following sur-reply and response to Defendant's Reply in Support of its Motion for Summary Judgment (Doc. 66) and Defendant's Objections to Certain Summary Judgment Evidence Offered by Plaintiff (Doc. 67):

## I.    SUMMARY OF ARGUMENT

In its reply and objections, Defendant mischaracterizes evidence, ignores probative evidence and misstates the legal standard applicable at the summary judgment stage in these proceedings. Plaintiff has provided sufficient competent evidence to establish a prima facie case on each of the counts in the complaint. Accordingly, Defendant's motion for summary judgment should be denied.

## II.    SUFFICIENCY OF EVIDENCE

###    A. Purported Inadmissible Hearsay

Defendant asserts that Plaintiff's Declaration is "rife with inadmissible hearsay." Even if

true, this would not change the fact that there is a material dispute of fact as to whether Defendant discriminated and/or retaliated against Plaintiff or engaged in violations of the FMLA or negligence. Nonetheless, Defendant mischaracterizes some of the statements as inadmissible hearsay, and misconstrues the law relating to admission of hearsay at the summary judgment stage.

<u>Paragraph 13 – Statement of Armado Arroyo regarding sexual harassment event:</u>

Defendant is incorrect when it implies that hearsay statements cannot be considered on summary judgment. The rule is, as set forth in <u>Jones v. UPS Ground Freight</u>, 683 F.3d 1283 (11th Cir. 2012) is that hearsay cannot be considered where it *cannot be reduced to admissible evidence at trial or reduced to admissible form*. Here, Ms. Arroyo has been disclosed as a witness in Plaintiff's initial disclosures, and Plaintiff plans to call her as a witness at the trial. As such, her testimony in this regard can be reduced to admissible evidence and therefore the court can consider the statement at the summary judgment stage. The issue in <u>Jones</u> unlike here was that the plaintiff sought to introduce a statement by a witness about what unidentified third parties said. <u>Id</u>. at 1294. In that case, the court concluded that "the possibility that unknown witnesses will emerge to establish the hearsay statement could be reduced to admissible evidence at trial" was insufficient. <u>Id</u>. In the instant case, Ms. Arroyo may be called as a witness at trial. Therefore, her statement may be considered at summary judgment.

Moreover, the report of sexual harassment of which Plaintiff was aware, is non-hearsay, as it is probative of the general hostile work environment experienced by Plaintiff. Establishing the factual predicate for a hostile work environment claim necessarily involves recounting statements made by co-workers, managers and others. Furthermore, the existence of reports of sexual harassment during the period which is at issue in the complaint is probative of the

2

Defendant's knowledge of the pervasive problem with sexual harassment at the Facility and its general tolerance of and/or indifference towards it. Accordingly, the statement is admissible on this separate and distinct basis.

Paragraph 14 – Statement by Christina Parent:

This is a report of sexual harassment of which Plaintiff and management was aware. In accordance with the preceding analysis, it may be reduced to admissible evidence, and it is probative of the hostile work environment claim.

Paragraph 15 – Statement of Unidentified Female Employee:

This is a report of sexual harassment of which Plaintiff and management was aware. This is probative of the hostile work environment claim and shows Plaintiff's environment hostile to females, severe, pervasive and therefore it is non-hearsay.

Paragraph 17 – Statement of Male Managers:

One of the male managers is specifically identified – Dana Harrington. The statement itself is evidence of attitude and motivation and is not offered to prove that "a woman had no business working at the facility." As such, it is non-hearsay. Moreover, the statements were made on behalf of Defendant, and therefore they are subject to the exclusion from the hearsay rule pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, as admissions of defendant. Finally, they are statements of their existing state of mind, which is exempt from the prohibition against hearsay by application of Rule 803(3) of the Federal Rules of Evidence.

Paragraph 19 – Statement Regarding Meaning of "Koko":

I am not sure how you could ever prove the meaning of an insult without using an out of court statement about how others would interpret the insult. Nonetheless, according to

Plaintiff's deposition testimony, the meaning of the term "Koko" was told to her by Walmart employee, Steven Reeves.  Deposition Transcript of Kimberly Perry, 101:5-14.  As such, Mr. Reeves could testify about it at trial, and therefore, the statement is properly considered on summary judgment.

<u>Paragraph 28 – Management Statements about Plaintiff to other Employees:</u>

These statements are not offered to prove the matter asserted in them, but simply to establish that (a) management was retaliating against Plaintiff for exercising her rights under the Family Medical Leave Act; and (b) that management was violating confidentially requirements by telling other employees about what should have been confidential, which is retaliation for Plaintiff's reporting to EEOC.  As such, they are admissible as non-hearsay.

<u>Paragraph 31 – Unidentified Employees' Comments Referring to EEOC Complaint:</u>

Again these statements are not hearsay but are offered to establish that Defendant retaliated against Plaintiff for reporting to EEOC by improperly disclosing her complaints to employees who had no business being advised of such complaints.

<u>Paragraph 32 – Plaintiff's Recollection of Use of Profanity in the Facility:</u>

This is not hearsay.  Plaintiff's recollection of the use of profanity and whether it was prominent in the Facility and whether she was aware that anyone had ever been disciplined for profanity is relevant to and directly probative of Defendant's motive in suspending her without pay.   Neither Plaintiff nor her manager, Dana Harrington could recall any instance in which someone was disciplined for use of profanity.  This suggests that Defendant's adverse employment action against Plaintiff was taken in bad faith, and as a pretext for the exercise of her rights to file a complaint with the EEOC.

### B. Personal Knowledge

Defendant seeks to exclude portions of Plaintiff's declaration purportedly on the grounds that they were not based on personal knowledge. However, Plaintiff is very clear that she has personal knowledge of everything in her declaration. Declaration of Kimberly Perry at ¶1. Defendant inexplicably objects to this testimony despite the fact that a majority of its opposition is based on the declaration of Carla Colon, who lacks personal knowledge, and whom did not even work at the Facility during the time period in which most of the events giving rise to the complaint occurred. Nonetheless, a response to each disputed statement is set forth below:

Paragraph 5 – Statement About AP's Proportion of Male Employees:

Plaintiff's experience in working in AP for more than eight years is that it is predominantly male. She has only worked in one location. As such, it is conceded that she can only testify as to what she has observed at the Facility. Plaintiff's statement about AP being predominantly male is accurate, and is confirmed by the testimony of Walmart's designee, Carla Colon, who testified that that during the period question there were 22 employees in AP at the Facility, and only five were female. Transcript of the Deposition of Carla Colon on September 26, 2019, 47:10-17 (Doc. 48-1). Plaintiff is not implying anything about the gender composition of AP anywhere outside of the Facility.

Paragraph 9 – Plaintiff's Statements About the Promulgation and Effectiveness of the Harassment and Discrimination Policy:

It appears Defendant's objection is that Plaintiff is not omnipresent and cannot possibly be aware of all of the measures Walmart takes to implement its sexual harassment and discrimination policy. It is obvious no one employee could do so. However, as an employee of Defendant for thirteen years, it is clear that she does have personal knowledge of how Walmart

promulgates and enforces its policies. Plaintiff is allowed to testify based on her knowledge and experience, which is extensive in this area. It should also be noted that Walmart has produced no evidence of the efforts it actually expended in promulgating and ensuring compliance with its sexual harassment and discrimination policy. As such, Plaintiff's testimony is undisputed on this subject matter.

Paragraph 11-15 – Stories Related by Other Female Employees:

Plaintiff was told stories about other incidents of sexual harassment. To the extent that Defendant disagrees with the statements about Walmart's lack of response, Walmart is free to introduce evidence to refute the statement. Regardless of how Walmart chooses to address the allegations, it is at worst, an argument about the weight of the evidence, and does not impact the admissibility of the statements.

Paragraph 19 – Koko Complaints:

One of the bases for Plaintiff's complaint is the allegations that Walmart was advised that the word Koko was written on the trailers, was a reference to a "black vagina," which is an offense sexual term. Plaintiff is allowed to relate her experience as to Walmart's response to her complaint. Based on a simple review of paragraph 19, everything Plaintiff recounts is something about which she would have personal knowledge.

Paragraph 27 – Statements about Typical Discipline for Failure to Complete CBL:

Defendant's main objection is that as an employee not part of management, she would have less knowledge than management as to the typical punishment for the failure to complete CBL. Plaintiff was an employee for more than thirteen years, she would have knowledge as to

matters which typically resulted in discipline. Management arguably might have better knowledge. However, this goes to the weight of the evidence, not its admissibility.

Paragraph 34 – Knowledge of Persons being Disciplined for Profanity:

Defendant objects to the statement "despite no one had ever heard of an employee being disciplined for using profanity." Plaintiff testified in paragraph 32 that she had never been aware of someone disciplined for use of profanity, and that profanity was often heard at the facility. This comprises her personal knowledge based on her experience, and as such, her testimony is admissible.

Paragraph 35 – Statement that Pursuing an Alternative Position would be Futile:

Plaintiff clearly has personal knowledge as to her motives in pursuing alternative employment, which includes an explanation of her assessment that given the severity of the discipline imposed against her (suspension indefinitely without pay), she reasonably believed that any effort to obtain another job at the Facility would not be fruitful. Defendant has suggested that Plaintiff's suspension without pay did not constitute an adverse employment action or constructive discharge. Plaintiff's assessment of the futility of further pursuit of employment with Walmart is directly relevant and probative of these issues. Based on her thirteen years of employment at the Facility, Plaintiff has personal knowledge as to her prospects of gaining further employment given the nature of the discipline she received. Therefore, her testimony on this subject matter is admissible.

### C. Alleged Contradictory Statement in Regards to "Koko" Report

1. *The "Koko" Statement:*

Defendant asserts that Plaintiff "implies" in paragraph 21 of her declaration that she

7

reported the Koko incident in writing to her superiors, and claims that it is inconsistent with her deposition testimony such that it should be stricken. However, Defendant completely mischaracterizes both documents. In paragraph 21 of her declaration, Plaintiff states that in February 2017, she submitted a complaint regarding the hostile work environment and her concerns about gate safety to Walmart Global Ethics Hotline. Contrary to Defendant's contention, Plaintiff makes no reference to the Koko incident. Moreover, in her deposition testimony, Plaintiff did not, as Defendant contends, admit that she "never raised the koko allegations in her written statement to Walmart. Plaintiff testified truthfully when asked on October 9, 2019 whether she followed up in writing with Dana Harrington regarding the Koko incident. Transcript of the Deposition of Kimberly Perry 124:23 – 125:4. She responded with "I don't think so. I don't remember." This is a far cry from the characterization provided by Defendant. The two statements are consistent.

Moreover, it is unclear why Defendant views this discussion as germane to the disposition of the Plaintiff's claims. Walmart, through the testimony of Carla Colon, has confirmed it received a complaint from Plaintiff concerning the "Koko" incident. Walmart investigated the complaint, and concluded that the word Koko did not refer to a black vagina but the nickname one of its employee's sons, and took no further action. Transcript of the Deposition of Carla Colon on September 26, 2019 61:11 – 62:24. Whether the complaint was verbal or in writing, it was made. There is no dispute about the content of Plaintiff's complaint.

2. *The Promulgation and Enforcement of Harassment and Discrimination Policy*

In her declaration, Plaintiff states that she was not aware that the harassment and discrimination policy was promulgated effectively to its employees. As an employee of the Facility for thirteen years, she has personal knowledge of how her employer promulgated and

8

ensured compliance with its policies. This statement is not inconsistent with Plaintiff's deposition testimony. Plaintiff testified that she received the policy and received training on the policy during her employment. She provided no testimony as to how it was promulgated generally to all employees or whether it was done effectively. It is not inconsistent to state that while she may have received training on the policy, but that in general, the policy was not promulgated effectively to the employees of the Facility. Indeed, based on Plaintiff's experience in being the target of sexual harassment at the Facility, she is in a superior position to adjudge the quality of Defendant's efforts to ensure compliance with the policy.

### III. PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE FOR ALL COUNTS IN THE COMPLAINT

In Section II and III of its Reply Memorandum, Defendant restates what it had previously argued in its motion for summary judgment. Plaintiff will not reargue its position, as she has made abundantly clear in her opposition that she has established an evidentiary basis for liability on the part of Defendant. Plaintiff would simply point out that the Defendant's arguments go the weight of the evidence and do not merit entry of summary judgment. Plaintiff has presented sufficient evidence to present a genuine issue for trial such that Defendant's motion for summary judgment should be denied.

Regarding the hostile work environment claim, Defendant again mischaracterizes the evidence in stating that Plaintiff relies "exclusively on improper evidence of other woman's alleged complaints." While other women's experiences in relation to the working environment for females at the Facility are relevant to Plaintiff's claims, Plaintiff relies on her own extensive account of what she experienced. This is and of itself establishes a prima facie case for discrimination, hostile work environment and retaliation. The Furcuron v. Mail Centers Plus, LLC, 843 F.3d 1295 (11th Cir. 2016) actually says the exact opposite of what Defendant says it

says.  In Furcuron, the court specifically stated that "me too" evidence *is* admissible in an employment discrimination case to prove intent and retaliation.  Id. at 1309.

WHEREFORE, Plaintiff respectfully requests that the court enter an order overruling Defendant's objections to the summary judgment evidence submitted by Plaintiff and denying Defendant's motion for summary judgment.

Dated this 3rd day of March, 2020.

By: */s/ Christopher J. DeCosta*
**CHRISTOPHER J. DECOSTA, ESQ.**
Florida Bar No.:  271410
MAHSHIE & DECOSTA, P.A.
1560 Matthew Drive, Suite E
Fort Myers FL 33907
Telephone:  (239) 931-7566
Facsimile: (239) 931-7560
Primary Email:     Chris@md-lawfirm.com
                                 Eservice@md-lawfirm.com
Secondary Email:  Jamie@md-lawfirm.com
                                 Kamalee@md-lawfirm.com

**CERTIFICATE OF SERVICE**

I, CHRISTOPHER J. DECOSTA, HEREBY CERTIFY that on this 3rd day of March 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: */s/ Christopher J. DeCosta*